[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR PREJUDGMENT REMEDY
Plaintiffs have applied for an attachment of the real property of defendant William L. Donaldson to secure the sum of $250,000. Four of the counts of plaintiffs' complaint are aimed at Mr. Donaldson. The sixth count alleges a breach of fiduciary duty owed by Donaldson to the Sewer District and the Sewer Authority of which he was President and Chairman, respectively. The seventh and eighth counts seek to pierce the corporate veil of defendant Business Engineering Services, Inc. to attribute its actions to Donaldson. The ninth count sounds in fraud.
Having heard the testimony and reviewed the exhibits, including the minutes of meetings of the plaintiffs District and Authority from March, 1990 through October, 1992, the court must determine whether plaintiffs have shown probable cause to sustain the validity of their claims by "weighing probabilities." Bank of Boston Connecticut v. CT Page 7703 Schlesinger, 220 Conn. 152, 156 (1991) quoting New England Land Co. v. DeMarkey, 213 Conn. 612, 620 (1990). Although the Supreme Court has reaffirmed the principle that the appearance of impropriety created when a public official participates in a matter in which he has a personal or pecuniary interest requires disqualification of the official to prevent him or her being placed in a position where he or she might be tempted to breach the public trust bestowed upon his or her. Gaynor-Stafford Industries, Inc. v. Water Pollution Control Authority, 192 Conn. 638, 649-50
(1984), cert. denied, 469 U.S. (1984), the court has also recognized that invalidation of the action taken is not automatic. Murach v. Planning Zoning Commission, 196 Conn. 192, 202 (1985).
Ms. Lang, a member of the board of directors, clerk and tax collector of the district, testified that, as far as she knew, the only purpose of Business Engineering Services, Inc. (hereinafter BESI) was to pay defendant Hunt for services he rendered to the district. Hunt was hired by the district as the project manager of work done to comply with a consent order entered into with the Department of Environmental Protection. While plaintiffs allege that they hired Mr. Hunt on the recommendation of Donaldson, minutes of the June, 1990 board meeting at which Donaldson was present do not reflect a recommendation. While Ms. Lang testified that she knew of BESI's existence and Donaldson's connection to it in the fall of 1991, she did not feel it necessary to tell the other board members about it. BESI was incorporated in July, 1990. A review of plaintiffs' exhibit 3 reveals that as far back as October, 1990, Mr. Donaldson approved invoices for payment to BESI and endorsed checks payable to BESI as President. Plaintiffs' records are equivocal, at best. According to the stamp on invoice number 071591/1-1, dated July 15, 1991, Ms. Lang received it on July 12, 1991, Mr. Donaldson approved it for payment and it was paid by check numbered 3873 on July 18, 1991. Check numbered 3873, however, bears a date of June 30, 1991. It is also not clear what approval for payment entailed. Some of BESI's invoices were paid without an approval.
The issue of Donaldson's conflict of interest was not raised by the board on the record until April 8, 1992 after Mr. Donaldson had left the meeting. The minutes of that meeting and ones that followed seem to focus on the lack of documentation for Hunt's work. Mr. Donaldson, as the sole director, shareholder and president of BESI, did have a conflict of interest which should have precluded his acting to approve BESI invoices since it gave rise to the appearance of impropriety. Gaynor-Stafford Industries, Inc., supra. It is not clear from the evidence, however, what harm, if any, plaintiffs suffered from Donaldson's failure to disqualify himself from acting on BESI invoices for payment. While Mr. Donaldson had wanted the vice president for operations, Mr. Hammarstrom, to approve CT Page 7704 or authorize invoices for payment, Hammarstrom did not want that responsibility. At the April 9, 1992 meeting of the board, the board voted that invoices in excess of $1,000 be submitted to the board for approval at their monthly meeting. At the June 17, 1992 meeting, Mr. Hammarstrom requested clarification of some of the BESI invoices; a motion addressed to Warren Hunt requested "the Work Product as to what his firm has accomplished over the past two years."
Plaintiffs cite Arminio v. Butler, 183 Conn. 211, 222-223 (1981) for the proposition that the good faith of a public officer in authorizing payment of public money is irrelevant. However, the Arminio court recognized an exception to the general rule when the municipality received fair value, the official did not receive personal profit and the source of the authority violated by the officer is clearly ambiguous.183 Conn. at 223-224. While plaintiffs may provide proof at trial which would make this exception inapplicable, they have not shown probability of success on such a claim.
Since plaintiffs have not shown the amount of damages they would probably recover against Donaldson, they have not made out their case for a prejudgment attachment.
SUSCO, J.